

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY - 9 2005

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:04-CV-1417-P |
| | § | |
| AMERICAN INTERNATIONAL GROUP, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are The AIG Defendants' Rule 12(c) Motion to Dismiss on the Pleadings ("AIG Defendants' Motion to Dismiss"), filed September 24, 2004,[1] and Plaintiff's Motion to Remand, filed January 13, 2005.[2] After considering the parties' arguments, briefing, and the applicable law, the Court DENIES Plaintiff's Motion to Remand and GRANTS IN PART and DENIES IN PART the AIG Defendants' Motion to Dismiss.

### I.   Relevant Factual and Procedural Background

Plaintiff Adam Miller suffered an injury on November 27, 1999 while employed by Armored Transit International Systems, Inc. ("ATI"). (Pet. at 3.) As a result of this injury, a

---

[1] Plaintiff filed his Response with his Motion to Remand as one document on January 13, 2005.

[2] In support of his January 13, 2005 Motion and Response, Plaintiff submitted Plaintiff's Reply Brief in Support to Motion to Remand and in Opposition to AIG Defendants' Rule 12(c) Motion to Dismiss ("Plaintiff's Brief") on January 18, 2005. Defendants American International Group, Inc., Insurance Company of the State of Pennsylvania, American International Group Claims Services, Inc., and their agents, employees, adjustors, and assigns filed a Response to Plaintiff's Motion and a Reply to Plaintiff's Response on January 19, 2005. Then on January 24, 2005, these Defendants submitted a Response to Plaintiff's Brief. Although Defendants object to the filing of Plaintiff's Brief as untimely, the Court considers Plaintiff's Brief in the interests of deciding the Motions on the merits.

**Page -1-**

claim was submitted to ATI's worker's compensation carrier, Insurance Company of the State of Pennsylvania ("ICOSP") on or about December 1, 1999. (*See* Pet. at 3.) ICOSP disputed Plaintiff's claim through its third party administrator, American International Group Claims Services, Inc. ("AIGCS"), and on or about December 23, 1999, Plaintiff received a letter informing him that his claim was denied. (Pet. at 3-4.) Plaintiff maintains that ICOSP, AIGCS, and American International Group, Inc ("AIG") (collectively referred to as "Defendant Insurers") filed deceptive and insufficient materials with the Texas Worker's Compensation Commission (the "TWCC") in support of the denial. (Pet. at 4-5.)

Plaintiff pursued his claim before the TWCC, and although, according to Plaintiff, Defendant Insurers repeatedly manipulated TWCC hearings and procedures, the TWCC ultimately ordered ICSOP to pay Plaintiff benefits in September 2000. (Pet. at 5.) Plaintiff alleges that Defendant Insurers intentionally delayed these payments by sending them to the wrong address, sending the inappropriate amount, and sending the payments late. (Pet. at 6.) Plaintiff asserts that the TWCC colluded in the wrongful acts of Defendant Insurers, by failing to subject them to appropriate punishment for their misconduct, and that such collusion continues "to the present." (Pet. at 5-6.) Plaintiff's resulting financial instability has thus far led to the repossession of his truck, his only source of transportation to work, and the periodic disconnection of his utilities. (Pet. at 6.) Plaintiff was also forced to suffer without medical treatment because he was at times unable to pay for the therapy prescribed by his doctors. (Pet. at 6-7.) Plaintiff was placed on leave from ATI in 2001, and he has not been allowed to return to work since. (Pet. at 12-13.)

On February 12, 2002, Plaintiff filed suit in state court against AIG, ICSOP, AIGCS, their

Page -2-

agents, employees, adjusters, and assigns (collectively referred to as "AIG Agents") and the

TWCC in state court. *Miller v. American Intern. Group, Inc.*, No. 3:02-CV-0553P, 2002 WL

1285202, at *1 (N.D. Tex June 5, 2002). This suit (hereinafter referred to as "*Miller I*") was

removed to this Court on March 18, 2002 on the basis of federal question jurisdiction and

supplemental jurisdiction. *Id.* In *Miller I*, Plaintiff alleged federal claims, including a claim

under the Racketeering Influenced Corrupt Organizations Act, a claim of mail fraud, and a claim

that the defendants conspired to violate his rights to due process and equal protection under the

Fourteenth Amendment to the United States Constitution, also violating 28 U.S.C. § 1983. *See*

*Miller v. American Intern. Group, Inc.*, No. 3:02-CV-0553P, slip op. at 6-7 (N.D. Tex January

30, 2003). He also asserted state claims, including breach of the duty of good faith and fair

dealing as well as violations of the Texas Deceptive Trade Practices Act ("TDTPA") and the

Texas Insurance Code. *See id.* at 3-4, 9.

Ultimately, in a Second Amended Final Judgment issued by the Court on April 26, 2004,

the Court dismissed all of Plaintiff's claims. *See Miller v. American Intern. Group, Inc.*, No.

3:02-CV-0553P, 2004 WL 905810, at *1 (N.D. Tex), *aff'd by* 125 Fed.Appx. 578 (5th Cir.

2005). The majority of Plaintiff's claims, including every one of his federal claims, were

dismissed with prejudice. *Id.* Only Plaintiff's claims against AIGCS and ICOSP for breach of

the duty of good faith and fair dealing and for violations of the TDTPA and the Texas Insurance

Code were dismissed without prejudice. *Id.* These supplemental state claims were dismissed

without prejudice because the Court, in its discretion, declined to exercise supplemental

jurisdiction over them. *Miller v. American Intern. Group, Inc.*, No. 3:02-CV-0553P, slip op. at

6-7 (N.D. Tex January 30, 2003); *Miller v. American Intern. Group, Inc.*, No. 3:02-CV-0553P,

Page -3-

slip op. (N.D. Tex January 31, 2003), *aff'd in part; vacated in part; and remanded by* 91

Fed.Appx. 930 (5th Cir. 2004).

On May 24, 2004, Plaintiff filed the present action in state court against AIG, ICOSP,

AIGCS, AIG Agents, Leonard J. Riley, Jr. ("Riley"), individually and in his official capacity as

Executive Director of the TWCC, as well as his unnamed successors and other unnamed agents

and employees of the TWCC in their official capacities ("TWCC Agents"). (Pet. at 1.) Because

Plaintiff has sued Riley in his official capacity, the TWCC is also a defendant. The present

action is also based on the December 1999 denial of Plaintiff's worker's compensation claim and

the incidents surrounding that denial. (*See* Pet. at 3-7.) Plaintiff first asserts that Defendant

Insurers have violated common law duties of good faith. (Pet. at 7-10.) He next asserts that

those same defendants are liable to him under a theory of "wrongful interference with

advantageous relationship" because their conduct interfered with his ability to work. (Pet. at 10-

13.) Plaintiff also asserts that the Defendant Insurers have violated the Texas Insurance Code

and the Texas Deceptive Trade Practices Act. (Pet. at 13-15.) Plaintiff's final claim is that the

Defendant Insurers and the TWCC, through Riley and TWCC Agents, conspired to deprive him

of due process and equal protection rights under the Texas Constitution. (Pet. at 15-19.)

On June 30, 2004, the Defendant Insurers and AIG Agents (collectively "AIG

Defendants") removed the present case to federal district court, asserting that the non-diverse

defendants were improperly joined to defeat federal diversity jurisdiction. (Notice of Removal at

1-3.) Subsequently, AIG Defendants filed the above-referenced Motion to Dismiss, and Plaintiff

filed his Motion to Remand. As a court may not rule on a motion to dismiss without subject

matter jurisdiction, the Court must first consider Plaintiff's Motion to Remand. *See Heaton v.*

**Page -4-**

*Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 1000 (5th Cir. 2000) (finding a lack of

subject matter jurisdiction to preclude dismissal of the case).

## II.        Plaintiff's Motion to Remand

Removal of a state court action to federal court is proper when the complaint falls within

the subject-matter jurisdiction of the federal district court. *See* 28 U.S.C. § 1441(a).   A

complaint falls within the subject-matter jurisdiction of a federal court when the court has either

federal-question jurisdiction or diversity jurisdiction.   The burden of establishing that federal

jurisdiction exists lies with the removing party. *See St. Paul Reinsurance Co., Ltd. v. Greenburg*,

134 F.3d 1250, 1253 (5th Cir. 1998).   Under 28 U.S.C. § 1331, a federal court has federal-

question jurisdiction over all civil actions arising under the laws of the United States.   Under 28

U.S.C. § 1332(a), a federal court has diversity jurisdiction when (1) the action involves citizens

of different states, and (2) the amount in controversy exceeds $75,000.   "[D]iversity jurisdiction

is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen*

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Freeman v. Northwest Acceptance*

*Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) ("each plaintiff must have citizenship different from

that of each defendant").

AIG Defendants assert that this Court has original subject-matter jurisdiction in the form

of diversity jurisdiction.   (Notice of Removal at 1-2.)   Plaintiff argues that the Court may not

exercise diversity jurisdiction on two grounds.   First, Plaintiff argues that because Defendants did

not assert diversity jurisdiction in *Miller I*, they are collaterally estopped from asserting the

diversity jurisdiction in this lawsuit.   (Pl.'s Br. at 4-5.)   Second, Plaintiff argues that diversity

jurisdiction does not exist.   (Pl.'s Br. at 5-6.)   Plaintiff also asks that sanctions be imposed on the

**Page -5-**

AIG Defendants for removing this case. (Pl.'s Mot. at 2.)

The Court first addresses Plaintiff's collateral estoppel argument. To invoke the doctrine of collateral estoppel under federal law, a party must establish that: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the disposition of that issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998) (citations omitted). Similarly, under Texas law, a party must establish that: (1) the facts sought to be litigated in the present action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990).[3]

AIG Defendants point out that an assertion of diversity jurisdiction in *Miller I* was unnecessary because in that case, the existence of federal-questions conferred jurisdiction upon the Court. (Defs.' Supplement/Br. in Resp. at 3-4.) In fact, in *Miller I*, the Court denied Plaintiff's Motion to Remand based on the existence of federal-question jurisdiction. *Miller v. American Intern. Group, Inc.*, No. 3:02-CV-0553P, 2002 WL 1285202, at *3 (N.D. Tex June 5, 2002). The Court made no finding whatsoever regarding diversity jurisdiction or facts establishing diversity jurisdiction because any such finding was unnecessary and inessential to

---

[3] In a diversity action involving a prior federal judgment, federal law governs the application of collateral estoppel. *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 337 (5th Cir. 1982). However, because Plaintiff asserts collateral estoppel to preclude a finding that diversity jurisdiction exists in this case, it is not clear that federal law governs the application of collateral estoppel here. Therefore, the Court considers the law of collateral estoppel under both federal and Texas law.

the Court's judgment. *See id.* at 1-3. For this reason, the Court finds it inappropriate to apply either federal or Texas collateral estoppel law to preclude AIG Defendants' argument that diversity jurisdiction exists in this case. Therefore, the Court must address Plaintiff's argument that diversity jurisdiction does not exist in this case.

Defendants argue that the Court has diversity jurisdiction because (1) the requisite amount in controversy is satisfied and (2) the non-diverse Defendants, specifically AIG Agents, Riley and TWCC Agents, have been improperly joined. (Notice of Removal at 2, 7.) Plaintiff does not contest the assertion that the requisite amount in controversy is satisfied, but Plaintiff does maintain that there has been no improper joinder. (Pl.'s Br. at 6.) Thus, in order to decide the Motion to Remand, the Court must determine if there has been improper joinder.

To establish improper joinder, the removing party must prove either a plaintiff's inability to establish a claim under state law against non-diverse defendants or outright fraud in plaintiff's pleadings of jurisdictional fact. *Smallwood v. Illinois Central Railroad*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). AIG Defendants do not claim the latter. AIG Defendants do assert, however, that Plaintiff has no reasonable basis for recovery against the non-diverse Defendants under Texas state law.

The standard for demonstrating improper joinder based on a plaintiff's inability to establish a claim is similar to that of a 12(b)(6) motion to dismiss. *Smallwood*, 385 F.3d at 573. A court must take all factual allegations in the light most favorable to the plaintiff, and any ambiguities of state law must be resolved in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). Although courts are generally confined to the pleadings in determining a motion to dismiss, a court may also consider documents in the public record. *Davis v. Bayless*,

Page -7-

70 F.3d 367, 372 n.3 (5th Cir. 1995).

AIG Defendants argue that Plaintiff will not be able to establish a claim against AIG Agents, Riley or TWCC Agents because the claims he asserts against them are barred by res judicata. The Court also considers whether Plaintiff will be able to establish a claim against the TWCC. Because *Miller I* was decided in federal court, federal law controls the determination of whether res judicata would bar a later state court action. *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990). Under federal res judicata law "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Hence, for a prior judgment to bar an action on the basis of res judicata, four elements must be met: (1) the same cause of action must be involved in both suits; (2) the parties in both suits must be identical or in privity with each other; (3) the prior judgment must have been rendered by a court of competent jurisdiction; and (4) the decision in the prior proceeding must have been a final judgment on the merits. *See Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1172-73 (5th Cir. 1992); *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983).

The Fifth Circuit applies a transactional test to determine whether two suits involve the same cause of action. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 (5th Cir. 2000). "[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts." *Howe v. Vaughan*, 913 F.3d 1138, 1144 (5th Cir. 1990). "[The] transaction may be single despite different harms, substantive theories, measure or kind of relief." *Nilsen*, 701 F.2d at 560 n.6. As such, "[t]he final 'judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon

Page -8-

any ground whatever.'" *Nevada v. United States*, 463 U.S. 110, 130 (1983) (quoting

*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)).  In other words, "*res judicata* bars all

claims that were or *could have been* advanced in support of the cause of action on the occasion of

its former adjudication, . . . not merely those that were adjudicated." *Nilsen*, 701 F.2d at 560.

    Plaintiff does not dispute that the present action is based on the same nucleus of operative

facts as *Miller I*.  AIG Agents and the TWCC were also sued in *Miller I*.  Although Riley and

TWCC Agents were not sued in *Miller I*, these parties are in privity with TWCC, a defendant in

*Miller I*.  *See Estevez v. Nabers*, 219 F.2d 321, 322 (5th Cir. 1955) ("the government, its officers,

and its agencies are regarded as being in privity for [res judicata] purposes").  Additionally, the

judgments as to these defendants were final judgments on the merits made by this Court, a court

of competent jurisdiction.  Accordingly, the Court finds that Plaintiff's current claims against

these defendants are barred on the basis of res judicata.

    Having found that there is no possibility Plaintiff will prevail on any claims against the

non-diverse Defendants, the Court concludes that these defendants were improperly joined to

defeat diversity jurisdiction.  Consequently, the Court hereby DISMISSES all claims against AIG

Agents, TWCC, Riley and TWCC Agents WITH PREJUDICE and DISMISSES these

Defendants as parties to this action.  As these non-diverse Defendants are no longer a party to

this action, and there is complete diversity, the Court DENIES Plaintiff's Motion to Remand.

Additionally, the Court DENIES Plaintiff's request for sanctions.  The Court now proceeds to

determine AIG Defendants' Motion to Dismiss.

**III.**    **AIG Defendants' Motion to Dismiss**

    The standard for dismissal under Fed. R. Civ. P. 12(c) is the same as the standard for

dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). In determining whether dismissal should be granted, a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Again, although a court generally may not look beyond the pleadings to determine the motion, a court may consider documents in the public record. *Davis*, 70 F.3d at 372 n.3. Dismissal should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts consistent with his complaint that would entitle him to relief. *Johnson*, 385 F.3d at 529.

AIG Defendants argue that all of Plaintiff's claims against AIG are barred by res judicata. (Defs.' Mot. to Dismiss at 12-13.) The Court agrees. In *Miller I*, this Court rendered final judgment on the merits with respect to AIG, a defendant in that case. Further, as discussed above, Plaintiff based this action on the same nucleus of operative facts as in *Miller I*. *See supra* pp. 8-9. Therefore, the Court hereby DISMISSES all of Plaintiff's claims against AIG WITH PREJUDICE. Hence, claims remain against only ICSOP and AIGCS.

AIG Defendants argue that res judicata bars Plaintiff's claims against ICSOP and AIGCS for "wrongful interference with advantageous relationship" and for conspiracy to deprive him of certain rights under the Texas Constitution. (Defs.' Mot. to Dismiss at 13-14.) AIG Defendants assert that Plaintiff cannot now assert these causes of action because he could have, but did not, assert them in *Miller I*. (Defs.' Mot. to Dismiss at 13-14.) However, in *Miller I*, this Court, in its discretion, declined to exercise supplemental jurisdiction over Plaintiff's supplemental state law claims against ICSOP and AIGCS. As a result, the Court dismissed these claims *without* prejudice.

A "dismissal ... without prejudice" is a dismissal that does not "operat[e] as an

adjudication upon the merits" and, thus, does not have res judicata effect. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Moreover, when a plaintiff brings an action, in which there is no jurisdictional obstacle to his asserting multiple claims, but he presents only some claims, he may maintain the other claims in a second action "[i]f . . . the court in the first action . . . having jurisdiction" over the other claims "would clearly have declined to exercise it as a matter of discretion." *Nilsen v. City of Moss Point*, 674 F.2d 379, 385 n.7 (5th Cir. 1982), *rev'd en banc on other grounds* 701 F.2d 556 (5th Cir. 1883) (quoting from a draft of *Restatement (Second) of Judgments* § 25 comment (e) (1982)).

Given the disposition of Plaintiff's claims in *Miller I*, it is clear that even if Plaintiff had alleged "wrongful interference with advantageous relationship" or state constitutional claims in that action, this Court would have declined to exercise its jurisdiction over these claims. Accordingly, Plaintiff's new state law claims against ICSOP and AIGCS are not barred by res judicata.

Next, AIG Defendants argue that all of Plaintiff's claims against ICSOP and AIGCS are barred by the applicable statutes of limitations. Under Texas law, a cause of action for breach of the duty of good faith and fair dealing must be filed within two years of the claim's accrual. *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Where there is an outright denial of a plaintiff's insurance claim, the cause of action accrues when the insurer denies coverage. *Davis v. Aetna Cas. & Surety Co.*, 843 S.W.2d 777, 778 (Tex. App.–Texarkana 1992, no writ). Thus, the statute of limitations runs two years after the denial of coverage. *Id.* Additional wrongful acts or damages occurring after the denial do not toll the statute of limitations. *Id.*

Page -11-

Similarly, claims under the Texas Insurance Code for unfair claims settlement practices or under the TDTPA for denial of insurance coverage must generally be filed within two years of the date on which the insurer denied coverage. *Knott*, 128 S.W.3d at 221. Here also, "the fact that damage may continue to occur for an extended period after denial does not prevent limitations from starting to run." *Id.*

Plaintiff's petition alleges that ICSOP denied his claim around December 23, 1999. (Pet. at 4.) Plaintiff did not file *Miller I* until February 2002, more than two years after his claim was denied. He did not file the present action until May 2004, more than four years after his claim was denied. Therefore, Plaintiff's claims for breach of the duty of good faith and fair dealing as well as his claims for violations of the Texas Insurance Code and TDTPA are barred by the statute of limitations. The court DISMISSES these claims WITH PREJUDICE.

Plaintiffs only remaining claims are his claims for "wrongful interference with advantageous relationship" and for conspiracy to deprive him of his rights under the Texas Constitution. Plaintiff claims that ICSOP and AIGCS wrongfully interfered in his relationship with his employer by "decid[ing] to risk denying medical treatment in reckless disregard of how this would impact his recovery and return to work at ATI to perform the manual labor duties of his job." (Pet at 11.)

A claim for tortious interference with contract or advantageous business relationship must be asserted within two years of the claims accrual. *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 583 (Tex. App.–Dallas 1991, writ denied). A cause of action for tortious interference with an existing contract accrues when the contract is interfered with and harm is caused to the plaintiff. *Atkins v. Crosland*, 417 S.W.2d 150, 153 (1967). "Similarly, a cause of action for

Page -12-

tortious interference with business relations does not accrue until existing negotiations, which are reasonably certain of resulting in a contract, are interfered with such that the negotiations terminate and harm to the plaintiff results." *Hill v. Heritage Resources*, 964 S.W.2d 89, 116 (Tex. App.–El Paso 1997, pet. denied).

AIG Defendants assert that Plaintiff's tortious interference claim accrued at the time Plaintiff's insurance claim was denied. AIG Defendants argue that based upon this date of accrual, Plaintiff's claims were barred by the statute of limitations prior to the filing of *Miller I*. However, with respect to his tortious interference claim, the harm Plaintiff complains of is his loss of employment with ATI, not the denial of his insurance claim. *See 5636 Alpha Road v. NCNB Texas Nat. Bank*, 879 F.Supp. 655, 663-64 (N.D. Tex. 1995) (holding that legal injury occurred on the dates a plaintiff suffered loss of contracts or prospective contracts). As such, Plaintiff's claim accrued when he lost his employment with ATI. Because Plaintiff's loss of employment occurred in 2001, Plaintiff's limitations ran in 2003. So although Plaintiff could have asserted this claim in *Miller I*, his limitations period ran prior to the filing of the present lawsuit in May 2004.

Plaintiff argues that the limitations period for his tortious interference claim should be tolled under 28 U.S.C § 1367. In certain circumstances, § 1367(d) requires state courts to toll the limitations period while a supplemental claim is pending in federal court and for at least thirty days after its dismissal. 28 U.S.C. § 1367(d); *Jinks v. Richland County*, 538 U.S. 456, 459 (2003). However, Plaintiff's claim for tortious interference was not asserted in *Miller I*, and, as such, it was never pending as a supplemental claim in federal court. Therefore, § 1367(d) does not apply to this claim, and the limitations period is not tolled. Plaintiff's cause of action for

**Page -13-**

"wrongful interference with advantageous relationship" is consequently DISMISSED WITH PREJUDICE.

Finally, under the heading "Texas Constitution Violations of Due Process and Equal Protection," Plaintiff asserts that Defendants ICSOP and AIGCS conspired with TWCC to deprive him of certain rights.  More specifically, Plaintiff complains that TWCC Agents failed to "enforce TWCC rules and procedures and took steps instead to protect [Defendant Insurers] from prosecution. . .," enabling Defendant Insurers to "delay Plaintiff's compensation over a period from November 27, 1999 to the present." (Pet. at 16, 18.)  AIG Defendants address this claim as a conspiracy claim and argue that it is barred by the statute of limitations because the limitations period for conspiracy claims is two years.  *Sharpe v. Roman Catholic Diocese of Dallas*, 97 S.W.3d 791, 795 (Tex. App.–Dallas 2003, rev. denied).  However, "when overt acts in furtherance of a conspiracy . . . occur within two years of the filing of suit, [] suit is not barred by limitations." *Jeanes v. Hamby*, 685 S.W.2d 695, 700 (Tex. App.–Dallas 1984, writ ref'd n.r.e.). Because Plaintiff alleges that AIG Defendants continue to delay his payments "to the present," and the Court must at this time accept this allegation as true, the Court finds it inappropriate to dismiss Plaintiff's state constitutional claims as barred by the statute of limitations.  Therefore, Plaintiff may continue to pursue these claims against AIGCS and ICSOP.

## IV.    Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand and GRANTS IN PART and DENIES IN PART AIG Defendants' Motion to Dismiss.  With the exception of Plaintiff's state constitutional claims against AIGCS and ICSOP, all of Plaintiff's claims are DISMISSED with PREJUDICE.

**Page -14-**

**IT IS SO ORDERED.**

Signed this _9th_ day of May 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE